UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-0402-KJM |
| Plaintiff, | |
| v. | ORDER |
| HUMBERTO JOHN LOZANO, III, | |
| Defendant. | |

Humberto John Lozano, III pleaded guilty to distribution and receipt of child pornography. He was sentenced and judgment was entered in July 2015. ECF Nos. 59–62. The question of restitution remains before the court. The victim associated with the "Angela" series of images has submitted an impact statement and request for restitution. ECF Nos. 46 & 46-1; *see* Parker Decl., ECF No. 70.

After this court held a restitution hearing on August 26, 2015, the Ninth Circuit decided *United States v. Galan*, 804 F.3d 1287 (9th Cir. 2015). In *Galan*, the court held that a person who participates in the distribution or possession of child pornography cannot be required to pay restitution for losses caused by the original abuser's actions; instead, the losses must be disaggregated. *Id.* at 1290–91; *see United States v. Grovo*, 826 F.3d 1207, 1222 (9th Cir. 2016) ("Under *Galan*, [the district court's] failure to disaggregate losses caused by the initial abuse was

1

an abuse of discretion."). The *Galan* court provided examples of factors that may affect the apportionment in a particular case: "egregiousness of the original abuse; how a victim can (or does) cope with that kind of abuse when distribution of images does not follow; and the particular victim's own reactions to the various traumas to which the victim has been subjected." *Galan*, 804 F.3d at 1291. The court noted that "precision is neither expected nor required" in apportioning the losses, *id.*, and that "the ultimate decision will be a mix of 'discretion and estimation,'" *id.* (quoting *Paroline v. United States*, ___ U.S. ___, 134 S. Ct. 1710, 1729 (2014)). The government has the burden to prove the amount of loss caused by the defendant by a preponderance of the evidence. 18 U.S.C. § 3664(e); *see United States v. Kugler*, No. 14-73, 2016 WL 816741, at *2–3 (D. Mont. Feb. 29, 2016) (denying restitution because government did not meet its burden of disaggregating losses); *United States v. Chan*, No. 15-00224, 2016 WL 370712, at *1 n.3 (D. Haw. Jan. 29, 2016) (same); *see also* Stipulation & Order, *United States v. Pacini*, No. 14-0033 (E.D. Cal. Sept. 6, 2016) (order adopting parties' stipulation noting government burden and absence of evidence to meet it).

   Here, the government's presentencing memoranda and the materials submitted by "Angela" do not disaggregate the losses caused by the initial abuse from "Angela's" total losses. *See* Suppl. Attach. to Presentence Invest. R., ECF Nos. 46 & 46-1; Sentencing Mem. 4–7, ECF No. 55. As a result, the court cannot, by a preponderance of the evidence, determine the losses defendant Lozano proximately caused "Angela" based on the current record.

   Because *Galan* was decided after the restitution hearing in this case, and because the purpose of the Mandatory Victims Restitution Act of 1996 ("MVRA") is to benefit victims, *see Dolan v. United States*, 560 U.S. 605, 613–15 (2010), the court finds it in the interest of justice to afford the government an opportunity to develop the record to meet its burden of disaggregating the losses. *Cf. United States v. Moreland*, 622 F.3d 1147, 1172 (9th Cir. 2010) ("The MVRA permits amendments to [the] restitution order to reflect changed circumstances . . . ."). Accordingly, the court allows the government until **October 12, 2016** to file supplemental briefing and materials in response to *Galan*. Defendant may file a response brief, if any, no later than **October 26, 2016**. Alternately, the parties may submit a stipulation

1  and proposed order, if they are able to agree on a proposed order.  The parties' briefing, if any,

2  shall not exceed five pages each, excluding any documents or other evidence supporting a party's

3  position.

4         IT IS SO ORDERED.

5  DATED:  September 12, 2016.

                              UNITED STATES DISTRICT JUDGE