UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:13-cr-00402-KJM |
| Plaintiff, | ORDER |
| v. | |
| Humberto Johnny Lozano III, | |
| Defendant. | |

Humberto Johnny Lozano III moves for early termination of his supervised release. For the following reasons, the court **grants** Lozano's motion.

I.     PROCEDURAL BACKGROUND

On July 1, 2015, the court sentenced Lozano to 60 months in prison followed by 120 months of supervised release for his conviction for Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2), and Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2), J. and Commit., ECF No. 61. Lozano began his term of supervised release on December 27, 2019. Mot. for Early Term. of Super. Release (Mot.) at 2, ECF No. 76. Lozano moved for early termination under 18 U.S.C. § 3583(e)(1) on October 25, 2024. *Id.* at 1. The Probation Office does not oppose the motion. *See* Mot. at 1. The government opposes the motion. *See* Opp'n to Def.'s Mot. for Early Term. of Super. Release (Opp'n), ECF No. 78. The government has filed a supplemental opposition from an attorney who represents the victims of Child Sex Abuse

Material (CSAM). ECF No. 79. In support of this supplemental opposition, the government has filed letters under seal from the victims. ECF No. 84. On December 10, 2024, the court heard argument on the matter. Min. for Mot. Hr'g (Dec. 10, 2024), ECF No. 83. Rachelle Barbour appeared on behalf of Lozano. *Id.* Heiko Coppola appeared on behalf of the United States. *Id.* Kristin Smokes, a U.S. Probation Officer, was present at the hearing. *Id.*

## II.   LEGAL STANDARD

After a defendant has served at least one year on supervised release, a court may terminate the defendant's term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817 (9th Cir. 2014). In making this determination, courts consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

The parties in their briefs and at hearing also referenced the Judicial Conference's presumption for early termination after 18 months of supervised release for most offenses. *See* Mot. at 2–3. The Judicial Conference has stated there should be a presumption of early termination provided defendants meet the following criteria:

> (1) the person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any court-reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives

/////

>   sufficient prosocial support to remain lawful well beyond the period
>   of supervision.

8E *Guide to Judiciary Policy* § 360.20(C) (2018).

The Ninth Circuit has clarified a defendant may but is not required to show changed circumstances or exceptionally good behavior to obtain early termination.  *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).  Because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,' [it is] clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."  *Emmett*, 749 F.3d at 819 (citation omitted).

### III.  ANALYSIS

After carefully considering the parties' submissions and statements made by the Probation Officer at hearing, and guided by the factors in 18 U.S.C. § 3553(a), the court finds early termination of Lozano's supervised release sentence serves the interest of justice and is fully supported by his post-release conduct.  *See* 18 U.S.C. § 3583(e)(1).

While on supervised release, Lozano has forged responsible and healthy relationships within his family and community, to the extent possible.  He has rebuilt many of the relationships he had with his family members prior to his conviction and, while respecting that some have chosen to maintain their distance, continues to work on relationships that have not yet been repaired.  *See, e.g.*, Michael A. Lozano Supp. Letter, Ex. B, ECF No. 76-2.  He bought a house in 2023 where he lives with his girlfriend, Mot. at 6, and helps the elderly within his homeowner's association maintain their properties.  Gloria M. Lozano Supp. Letter, Ex. D, ECF No. 76-4. Retired U.S. Army Sergeant David Harris, a family friend of the Lozano family, states that since his release from prison, Lozano has "developed personal, family, friendships, community relationships all with respect."  Ex. F, ECF No. 76-6.

Lozano has had a very successful career at U-Haul throughout his supervised release term.  Mot. at 4.  He has been promoted to manager and recognized as employee of the month on several occasions.  *See id.* at 4–5.  His manager, Casey Clark, writes in support of Lozano's

/////

1  motion, saying he "has shown himself to be an exemplary employee and person." Ex. A, ECF
2  No. 76-1.

3  Having considered Lozano's conduct and the relevant 18 U.S.C. § 3553(a) factors as well
4  as the factors identified by the Judicial Conference, the court finds early termination of Lozano's
5  supervised release to be appropriate because he has earned it. In reaching this conclusion, the
6  court also notes Lozano does not have an extensive prior criminal history. *See* Mot. at 4. His
7  conduct on release has demonstrated for a significant period of time he is not a danger to the
8  community. *See* 18 U.S.C. § 3553(a)(2)(C). It is significant that the Probation Officer does not
9  oppose Lozano's motion and, at hearing, recognized that Lozano scored as a "low risk" on a risk
10 evaluation test Probation conducted during his supervised release. Moreover, there is no
11 indication Lozano requires continued educational or vocational training, medical care or
12 correctional treatment. *See* 18 U.S.C. § 3553(a)(2)(D). Further, the court did not award
13 restitution in this case because no one requested restitution. *See* Am. J. at 6, ECF No. 74; 18
14 U.S.C. § 3553(a)(7).

15 Lozano also meets all the conditions but one for termination of supervised release as
16 identified by the Judicial Council. *See* 8E *Guide to Judiciary Policy*, § 360.20(C). He has served
17 more than 18 months of supervised release, he presents no identifiable risk of harm to the public,
18 he is free from any court-reported violations, his career and rebuilt relationships show he can
19 lawfully self-manage himself beyond the period of supervision, he is in substantial compliance
20 with the terms of supervision, and his connection to family members shows he engages in
21 appropriate prosocial activities. *See id.*

22 The court recognizes Lozano committed a serious sex offense. *See* 18 U.S.C.
23 § 3553(a)(1). The government in its opposition argues "Lozano's offenses of conviction were
24 against one of the most vulnerable victim populations, namely children." Opp'n at 2. In its
25 supplemental opposition, the attorney representing CSAM victims argues Lozano "should be
26 required to serve the full sentence that the court imposed, including the period of supervised
27 release." Supp. Opp'n at 2. Through their letters, the victims voice the pain and anguish they
28 have experienced because of their being featured in CSAM. *See* ECF No. 84. Yet as Lozano

points out in his reply, while the pain of these victims is indisputably very real, their letters do not discuss Lozano's "specific case or situation." Reply at 3, ECF No. 82. The government further argues that termination is inappropriate because Lozano has not finished half of his supervised release term. Opp'n at 3.

As Lozano also points out in his reply, the potential need for lifelong punishment is not a consideration district courts give weight to when evaluating early termination of supervised release. *See* Reply at 4. Similarly, as the government concedes, there is no authority saying someone in Lozano's shoes must serve at least half of a supervised release term before qualifying for consideration for early termination. *See id.* at 1. Instead, the court examines the character of the defendant, his prosocial conduct, his professional and social stability, his likelihood of recidivism, and his danger to the community as the most important factors. *See generally* 18 U.S.C. § 3553; 8E *Guide to Judiciary Policy*, § 360.20(C). In the court's judgment, the record on the pending motion supports the conclusion that Lozano's conduct since being released from prison meets the relevant factors and has, as the defense argues, been exemplary. *See Emmett*, 749 F.3d at 819 (holding district courts have extensive discretion to grant early termination of supervised release).

### IV.    CONCLUSION

The court therefore **grants** Lozano's motion for early termination of supervised release, effective the day this order is filed.

This order resolves ECF No. 76.

IT IS SO ORDERED.

DATED:  December 18, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE